UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IGS SOLAR, LLC,

    Plaintiff,

v.

SERAPHIM SOLAR USA
MANUFACTURING, INC.,

    Defendant.

Case No. 2:19-cv-298
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff IGS Solar, LLC's ("IGS Solar") Motion for Default Judgment Against Defendant Seraphim Solar USA Manufacturing, Inc. (ECF No. 8). Defendant Seraphim Solar USA Manufacturing, Inc. ("Seraphim") has failed to respond to IGS Solar's Motion. For the reasons below, IGS Solar's Motion for Default Judgment (ECF No. 8) is **GRANTED in part and DENIED in part.**

I.

On January 30, 2019, IGS Solar commenced this action against Seraphim with filing a five-count complaint alleging: (1) breach of contract; (2) unjust enrichment;[1] (3) breach of constructive trust; (4) injunctive relief; and (5) an accounting. (*See* Compl. ¶¶ 31–56 [ECF No. 1]). IGS Solar moved for and obtained an entry of default against Seraphim when Seraphim failed to answer or otherwise respond to IGS Solar's Complaint. (*See* Entry of Def. [ECF No. 7]). Since the entry of default, Seraphim has still failed to answer or otherwise respond. Accordingly, IGS Solar now

---

[1] IGS Solar's unjust enrichment claim is asserted in the alternative to its primary breach of contract claim.

requests that the Court grant default judgment against Seraphim on Counts I, III, IV, and V. *(See generally* Mot. for Def. J. [ECF No. 8]). IGS Solar seeks $8,229,383, plus pre- and post-judgment interests, costs, an accounting, and injunctive relief. (*Id.* at 8).

Because of the entry of default, the Court takes IGS Solar's allegations regarding Seraphim's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations, along with the unrebutted statements from the exhibits attached to IGS Solar's Motion for Default Judgment, below.

IGS Solar is an Ohio limited liability company that purchases "photovoltaic energy generating modules, systems and related goods and services" to provide energy to its customers. (Compl. ¶ 3). Seraphim is a Texas corporation that manufactures photovoltaic cells, and its principal place of business is in Jackson, Mississippi. (*Id.* ¶¶ 4, 8).

IGS Solar and Seraphim became acquainted with each other at the Solar Energy Industries Association's northeast meeting. (Compl. ¶ 7). Seraphim represented its ability to provide photovoltaic modules at low prices relative to the increasingly expensive market. (*Id.* ¶ 8). This began a series of three purchase orders, all of which required IGS Solar to make significant down payments to Seraphim. Order 1 was in the amount of $2,092,574 and required a pre-payment of $1,046,287. (*Id.* ¶ 11). Order 2 was in the amount of $2,910,165 and required a $1,746,099 pre-payment. (*Id.* ¶ 12). And Order 3 was in the amount of $9,400,000 and required a pre-payment of $5,640,000. (*Id.* ¶ 13). Seraphim began to deliver product soon after IGS Solar placed Order 3, and within a month it had delivered 1,063 photovoltaic modules to IGS Solar contractors. (*Id.* ¶ 14). IGS Solar identified problems with several of the modules Seraphim had delivered; Seraphim, however, replaced only some of the non-conforming goods. (*Id.* ¶¶ 16–17).

IGS Solar hired SolarBuyer, "a risk management and product quality consulting firm," to assist with overseeing the quality of Seraphim's products. (*Id.* ¶ 18). SolarBuyer conducted a quality control inspection of Seraphim's facilities indicated "critical failures" in meeting its target specifications. (*Id.* ¶ 20). After rejecting all non-conforming goods and securing a promise from Seraphim's chief executive officer to reimburse IGS Solar for money lost due to "Seraphim's failure to produce and ship conforming goods," IGS Solar and Seraphim executed a written agreement (*Id.* ¶¶ 21–25). The Solar PV Module Purchase Agreement (the "Master Agreement") was intended to "supplant and replace" IGS Solar's first three purchase orders to Seraphim and "formally document the parties' business relationship." (*Id.* ¶ 19).

Less than a month after executing the Master Agreement, IGS Solar notified Seraphim that it was in breach and had 60 days to "cure the breach." (*Id.* ¶¶ 27, 29). Seraphim failed to correct the breach within 60 days, as such, IGS Solar canceled its orders and terminated the Master Agreement. (*Id.* ¶ 29). IGS Solar's Notice of Termination required Seraphim to return the unapplied pre-payments, which totaled $8,231,719. (*Id.* ¶ 30).

IGS Solar is now before the Court requesting that the Court enter a default judgment against Seraphim on the following claims: breach of contract, breach of constructive trust, injunctive relief, and an accounting.[2] (Mot. for Def. J. at 5). IGS Solar submits that default judgment is proper as Seraphim has failed to timely respond after being properly served and the Clerk of Courts has previously entered an entry of default judgment against Seraphim. (*Id.* at 3). IGS Solar further

---

[2] The Court notes that IGS Solar has also adequately alleged a claim for unjust enrichment. However, as IGS Solar acknowledges, the unjust enrichment claim was alleged in the alternative to the breach of contract claim. Accordingly, it does not appear that IGS Solar is seeking a default judgment entry on the unjust enrichment claim. (*See* Mot. for Def. J. at 5 n. 4; *see also* Compl. ¶¶ 21, 27).

3

submits that an evidentiary hearing to calculate damages is not necessary as the damages it seeks are for a sum certain. (*See id.* at 7–8).

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broadcast Music Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

Although liability can be facially accepted in a default judgment case, "the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Broadcast Music Inc.*, 2011 WL 2118228, at *2). If the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," however, a court may determine damages even absent an evidentiary hearing. *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014).

## III.

Taking IGS Solar's allegations as true, and after considering its unrebutted supporting exhibits, the Court concludes that IGS has adequately stated its breach of contract, breach of constructive trust, injunctive relief, and accounting claims and is entitled to relief. IGS Solar has demonstrated that it is entitled to a sum certain of $8,229,383 under the parties' contract. IGS

4

Solar has also sufficiently demonstrated that it is entitled to the injunctive relief sought in Count IV[3] and an accounting. Thus, Seraphim must account to IGS Solar for the amount of the pre-payment not used to purchase product, materials or for conforming products completed at the time IGS Solar's purchase order was terminated and which could not be canceled, returned, or repurposed and Seraphim shall not transfer, use, or otherwise dispose of such pre-payment amounts until the pre-payments have been accounted and returned to IGS Solar.

## IV.

For the reasons stated herein, IGS Solar's Motion for Default Judgment (ECF No. 8) is **GRANTED in part and DENIED in part**. The Court enters judgment in IGS Solar's favor against Seraphim regarding liability; and IGS Solar is entitled to damages under the terms of the parties' contract for the sum certain of $8,229,383 and post-judgment interest.

**IT IS SO ORDERED.**

10-2-2019
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The pertinent part of Count IV is as follows:

> 49. Until such time as Seraphim has accounted for and returned the pre-payments IGS Solar made pursuant to the Master Agreement, as amended, Seraphim should be preliminarily and permanently enjoined from transferring, using or otherwise disposing of those pre-payment amounts for any purpose.

(Compl. ¶ 49).